[776 NYS2d 809]

In the Matter of LEONARD BUDDINGTON, JR., an Attorney, Resignor.

Second Department, May 10, 2004

#### APPEARANCES OF COUNSEL

*Leonard Buddington, Jr.,* resignor.

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for Grievance Committee for the Ninth Judicial District.

#### OPINION OF THE COURT

Per Curiam.

Leonard Buddington, Jr. has submitted an affidavit dated December 12, 2003, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Buddington was admitted to the bar by the Appellate Division of the Supreme Court in the Second Judicial Department on June 10, 1992.

Mr. Buddington avers that his resignation is made voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission, including being barred from seeking reinstatement by Judiciary Law § 90, for at least seven years. He is aware that he is the subject of a pending investigation by the Grievance Committee for the Ninth Judicial District based upon complaints filed against him. Mr. Buddington is further aware that he is also the subject of a sua sponte complaint initiated pursuant to the dishonored check reporting rules (*see* 22 NYCRR 1300.1). Mr. Buddington concedes that the Grievance Committee's preliminary investigation revealed that he may have been guilty of some infractions of the Code of Professional Responsibility which, if proven, would result in a disciplinary proceeding against him.

Mr. Buddington acknowledges his inability to defend himself on the merits against charges predicated upon the foregoing. Mr. Buddington is aware that any order permitting him to resign could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. Mr. Buddington acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waived the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of the resignation as the most expeditious way to conclude this matter.

Inasmuch as Mr. Buddington's resignation complies with all appropriate Court rules, it is accepted and effective immediately, Leonard Buddington, Jr. is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and SCHMIDT, JJ., concur.

Ordered that the resignation of Leonard Buddington, Jr. is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Leonard Buddington, Jr. is disbarred, and his name

is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Leonard Buddington, Jr. shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Leonard Buddington, Jr. is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Leonard Buddington, Jr. has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).